DAVID E. EDINGTON, Plaintiff in Error, *v.* LYDIA C. NIX, Defendant in Error.

1. *Equity — Bill in to set aside deed — Fraud — Encumbrance — Warranty.* — In case of a bill in equity to set aside a deed from plaintiff to defendant as being obtained by fraud, where it appears that the land was conveyed in exchange for other real estate deeded by defendant to plaintiff, which at the time was subject to an encumbrance, but the evidence showed no knowledge of the encumbrance on the part of defendant and no fraud in the transaction, plaintiff might be entitled to his action on defendant's covenant of warranty for the amount he paid to remove the encumbrance, but he could ask for nothing more.

*Error to Iron Circuit Court.*

*Chase & Dinning,* for plaintiff in error.

*Dillingham,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case was very inartificially drawn, but it was evidently intended as a bill in equity, and as such it was treated

by the court below, and upon that theory the trial was had.  Its object was to set aside a deed made by plaintiff to defendant for certain lands in Iron county, upon the ground that the same was fraudulently obtained.  The answer denied all the averments in the bill, and the evidence most conclusively fails to show that any fraud was practiced in procuring the conveyance.

It seems that there was a mutual exchange of lands between the parties.  The plaintiff, by a general warranty deed, conveyed his lands in Iron county to the defendant, who by a like deed conveyed lands which she owned in Christian county to the plaintiff.

It is not shown that any misrepresentation was made by the defendant at the time the contract was consummated.  When asked if her land was free from encumbrances, she said she was willing to make a warranty deed for the same.  The truth is, she had no personal knowledge that there was any lien on the land. A short time previous to the exchange and transfer between the parties, proceedings had been commenced against the defendant by attachment in Christian county, where the land was situated, and the same was attached.  She resided at the time in Iron county, and there was no personal service of the suit instituted in Christian county.  The plaintiff in the attachment suit supposed that she was a non-resident, and procured service by publication.

Judgment was taken and the land sold thereunder, and at the sale one Williams became the purchaser.  When the plaintiff went to Christian county to examine the land and look after his interest he found these facts to exist, and that Williams claimed the land by purchase at sheriff's sale.  But he nevertheless got possession and rented the land to one Walker, who occupied it as his tenant.  He then purchased the title of Williams for $50.  Subsequently he sold the land to his tenant, Walker, for $300, who remained in possession; and to save the trouble and expense of getting the relinquishment of his wife's dower to the conveyance, she being in Iron county, an arrangement was made by which Williams deeded his title direct to Walker, the vendee of the plaintiff.  It thus appears that the plaintiff obtained the quiet and peaceable possession of the land, and has never been molested or disturbed in that possession.  He makes no offer to do equity or to restore to the defendant what he received.  But he modestly

requests that he may have the land back that he sold to the defendant, and retain her land, or the consideration that he received therefor, besides. Courts of equity are not in the habit of administering justice in that way. If the title which Williams derived from the sheriff's sale constituted an encumbrance — which it is not necessary here to decide — the plaintiff might be entitled to have an action for the amount he paid therefor, against the defendant on her covenants of warranty; but under all the circumstances of this case he could ask for no more.

The court below found for the defendant, and its judgment will be affirmed. The other judges concur.